UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DENIS ANDRE PARENT,

                Petitioner,

v.                                    Case No. 3:14-cv-1346-J-39MCR

SECRETARY, DOC, et al.,

                Respondents.
_____

**ORDER**

**I.  STATUS**

Petitioner Denis Andre Parent challenges a 2013 (Columbia
County) conviction for lewd or lascivious molestation of a child
(violation of probation).  Petition Under 28 U.S.C. § 2254 for Writ
of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1)
at 1. He filed the Petition on October 20, 2014, pursuant to the
mailbox rule.[1]   He raises three grounds in the Petition.
Respondents filed an Answer in Response to Order to Show Cause
(Response) (Doc. 26).  In support of the Response, they attach an

_____

[1] The Court gives pro se inmate petitioners the benefit of the
mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988).  See 28
U.S.C. § 2244(d).  In this instance, the Petition was provided to
the prison authorities for mailing on October 20, 2014.  Petition
at 14.  See Rule 3(d), Rules Governing Section 2254 Cases in the
United States District Courts.  The Court will also give Petitioner
the benefit of the mailbox rule with respect to his inmate state
court filings when calculating the one-year limitation period under
28 U.S.C. § 2244(d).

Appendix (Doc. 26).[2] Petitioner filed a Rebuttal to State's Answer on Order to Show Cause (Reply) (Doc. 27). See Order (Doc. 11). He also filed a Notice of the Court (Doc. 34), attaching a response from the Florida Bar dated June 3, 2016, stating that the Bar's records show that James V. Modica is an active member in good standing with the Florida Bar and is up to date with his CLE requirements. (Doc. 34-1).

To adequately address Petitioner's claims, the Court will provide a brief procedural history. Petitioner was charged by information with sexual battery upon a child under twelve years of age. Ex. A. He entered a plea agreement to a lesser offense of lewd or lascivious molestation of a child, and was sentenced to probation for fifteen years. Ex. B; Ex. C. Petitioner violated his terms of probation, Ex. D, and on October 6, 2004, the court sentenced him to two years community control with credit for time served on community control and to continued probation. Ex. E. Petitioner violated his terms of community control. Ex. F, and on March 8, 2005, the court sentenced him to twenty-one days in the county jail and reimposed probation. Ex. G. Once again, on February 1, 2013, a Correctional Probation Specialist filed an

---

[2] The Court hereinafter refers to the exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

Affidavit [of] Violation of Probation. Ex. H. This time, it charged Petitioner with:

> viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern, unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, and as grounds for belief that the offender violated her [sic] probation, Officer Wanda G. Ashley states that on February 1, 2013 the offender was found to be viewing child porn, as told to this officer by pictures/images on the subject's cell phone on February 1, 2013.

Id.

On July 31, 2013, during a change of plea hearing/disposition, Plaintiff admitted to the violation of probation. Ex. I at 5. After a full plea colloquy and the reading of the plea agreement, the trial court found Petitioner freely, knowingly, and voluntarily entered the plea with the advice of counsel. Id. at 11. Petitioner expressed complete satisfaction with counsel, acknowledging that the ten-year deal was "good."[3] Id. at 11-12. The court revoked his probation and sentenced Petitioner to ten years in prison, followed by ten years probation, as set forth in the plea agreement. Id. at 9, 12. The court advised that Petitioner had thirty days to appeal his sentence. Id. at 15. On

---

[3] The court described it as a "generous plea agreement[.]" Id. at 9. Indeed, Petitioner faced a possible thirty-year prison sentence. Id. at 8-9.

- 3 -

July 31, 2013, the court entered a Probation Violator judgment and sentence. Ex. J.

Petitioner sent letters to the court asking to change his plea. Ex. K. The court, construing the letters as a motion, denied the motion to withdraw the plea. Ex L. Finding no lack of subject matter jurisdiction, no violation of the plea agreement, sentencing error, or any other basis for relief under Florida law, the court rejected his motion. Id. Additionally, the court found that any claim of an involuntary plea is refuted by the record. Id.

Petitioner filed a Rule 3.850 motion for post conviction relief. Ex. M. He claimed newly discovered evidence and ineffective assistance of counsel. Id. at 5. He said that the day after his plea, a person who used his phone was willing to admit that he used the phone on the date at issue. Id. Petitioner claimed his counsel never informed him "on how to withdraw my plea or what grounds were needed[.]" Id. The circuit court, on October 10, 2013, dismissed the motion as being insufficient on its face, without prejudice to Petitioner filing an amended motion. Ex. N. With respect to the first ground, the newly discovered evidence claim, the court noted its insufficiency because Petitioner failed to attach an affidavit from a person whose testimony is necessary to factually support the claim, or an explanation why the affidavit could not be obtained. Id. With regard to both grounds, the court

found the motion to be conclusory, lacking specific facts to support the claims. Id.

Thereafter, Petitioner moved to withdraw his plea. Ex. O. He renewed his claims of newly discovered evidence and ineffective assistance of counsel. Id. The circuit court denied the motion, construed to be an untimely motion pursuant to Rule 3.170(1), Fla. R. Crim. P., or alternatively, an insufficient Rule 3.850 motion. Ex. P. The court noted Petitioner's failure to attach an affidavit and the motion's insufficiency. Id.

Petitioner sought an extension of time to file a Rule 3.800(c) motion. Ex. Q. He then filed a motion to reduce his sentence pursuant to Rule 3.800(c). Ex. R. The court denied both, finding them untimely and without merit. Ex. S. Pointedly, the court noted that the sentence was imposed pursuant to a negotiated plea agreement, and as the plea agreement is a contract, Petitioner "cannot change the terms of that contract by filing a rule 3.800(c) motion." Id. (citation omitted).

On April 2, 2014, Petitioner filed another Rule 3.850 motion. Ex. T. Petitioner claimed the ineffective assistance of counsel for failure to investigate and newly discovered evidence. Id. at 5. Petitioner asserts that his failure to present an affidavit or provide reason for not submitting an affidavit with his prior Rule 3.850 motion was the result of counsel's failure to inform him that it was necessary to support his motion. Id. The circuit court

found the motion to be successive, concluding that the court already ruled upon an amended motion. Ex. U. As such, the court denied the post conviction motion with prejudice. <u>Id.</u>

## II.  STANDARD OF REVIEW

The AEDPA governs a state prisoner's federal petition for habeas corpus. <u>See</u> 28 U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 132 S.Ct. 38, 43 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id</u>. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[4] <u>Id</u>. § 2254(e)(1); <u>Ferrell v. Hall</u>, 640 F.3d 1199, 1223 (11th Cir. 2011).

---

[4] "This presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 133 S.Ct. 1625 (2013).

...."It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." [Harrington v. Richter, 562 U.S. 86, 101 (2011)] (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[5] Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."

---

[5] As recently suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

Harrington v. Richter, 562 U.S. 86, 99 (2011); see also Johnson v. Williams, 133 S.Ct. 1088, 1096 (2013).  "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief.  Id. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; Marshall, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult.  Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

### III.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A.  Ground One

In his first ground, Petitioner raises a claim of ineffective assistance of trial counsel for: "[l]egal inefficiency: Public

Defender was more eager to leave the Public Defender[']s Office than taking care of my motions.  His inability to discharge my case was a legal [sic] required duty.  Mr. Modica's wrongful conduct affected my case[.]" Petition at 5.  Apparently, Petitioner blames his counsel for failure to move to discharge his case by timely moving to withdraw Petitioner's plea.  Petitioner asserts that he exhausted this ground by raising it on direct appeal.  Id.  Upon review, however, he did not take a direct appeal.

Respondents urge this Court to find that this ground is unexhausted because in Petitioner's post conviction motion, he focused on the claim that counsel never explained to him how to properly withdraw his plea.  Response at 15.  Also, the record shows that two of Petitioner's motions for post conviction relief were dismissed as insufficient.  Ex. N; Ex. P.  In addition, the circuit court found a motion for extension of time to be untimely and concluded that a post conviction Rule 3.800 motion cannot be used to challenge or change the terms of a plea bargain contract.  Ex. S.  Finally, the circuit court rejected a final post conviction motion as successive.  Ex. U.

In addressing the question of exhaustion, this Court must ask whether Petitioner's claim was fairly raised in the state court proceedings:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c).  For a federal claim to be exhausted, the

petitioner must have "fairly presented [it] to
the state courts." <u>McNair v. Campbell</u>, 416
F.3d 1291, 1302 (11th Cir. 2005). The Supreme
Court has suggested that a litigant could do
so by including in his claim before the state
appellate court "the federal source of law on
which he relies or a case deciding such a
claim on federal grounds, or by simply
labeling the claim 'federal.'" <u>Baldwin v.</u>
<u>Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347, 158
L.Ed.2d 64 (2004). The Court's guidance in
<u>Baldwin</u> "must be applied with common sense and
in light of the purpose underlying the
exhaustion requirement"—namely, giving the
state courts "a meaningful opportunity" to
address the federal claim. <u>McNair</u>, 416 F.3d at
1302. Thus, a petitioner could not satisfy the
exhaustion requirement merely by presenting
the state court with "all the facts necessary
to support the claim," or by making a
"somewhat similar state-law claim." <u>Kelley</u>,
377 F.3d at 1343–44. Rather, he must make his
claims in a manner that provides the state
courts with "the opportunity to apply
controlling legal principles to the facts
bearing upon (his) [federal] constitutional
claim." <u>Id</u>. at 1344 (quotation omitted).

<u>Lucas v. Sec'y, Dep't of Corr.</u>, 682 F.3d 1342, 1351-52 (11th Cir.

2012), <u>cert</u>. <u>denied</u>, 133 S.Ct. 875 (2013).

The doctrine of procedural default requires the following:

Federal habeas courts reviewing the
constitutionality of a state prisoner's
conviction and sentence are guided by rules
designed to ensure that state-court judgments
are accorded the finality and respect
necessary to preserve the integrity of legal
proceedings within our system of federalism.
These rules include the doctrine of procedural
default, under which a federal court will not
review the merits of claims, including
constitutional claims, that a state court
declined to hear because the prisoner failed
to abide by a state procedural rule. <u>See</u>,
<u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747–748, 111 S.Ct.
2546; <u>Sykes</u>, <u>supra</u>, at 84–85, 97 S.Ct. 2497. A

> state court's invocation of a procedural rule
> to deny a prisoner's claims precludes federal
> review of the claims if, among other
> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. See, e.g., Walker
> v. Martin, 562 U.S. ----, ----, 131 S.Ct.
> 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard
> v. Kindler, 558 U.S. ----, ----, 130 S.Ct.
> 612, 617–618, 175 L.Ed.2d 417 (2009). The
> doctrine barring procedurally defaulted claims
> from being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. See Coleman, 501 U.S., at 750,
> 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

Respondents assert that this Court is procedurally barred from reviewing ground one. Response at 16-18. This Court finds that ground one is unexhausted because Petitioner failed to fairly raise his claim in the state court system, thus the trial court never considered the merits of this claim. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (raising a claim in a procedural context in which its merits will not be considered does not constitute fair presentation).

Procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." Lucas, 682 F.3d at 1353 (citing Bailey v.

Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)).  The
fundamental miscarriage of justice exception is only available in
extraordinary cases upon a showing of "'actual' innocence" rather
than mere "'legal' innocence."  Johnson v. Ala., 256 F.3d 1156,
1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S.
926 (2002).

Petitioner did not fairly and/or properly present this federal
constitutional claim to the state courts.  Any further attempts to
seek post conviction relief in the state courts on this ground will
be unavailing.  As such, he has procedurally defaulted this claim
of ineffective assistance of counsel.

Although Petitioner attempts to blame his counsel for his
failure to properly seek to withdraw his plea based upon newly
discovered evidence, the circuit court specifically advised
Petitioner that he must "attach an affidavit 'from any person whose
testimony is necessary to factually support the defendant's claim
for relief' or 'an explanation why the required affidavit could not
be obtained[.]'" Ex. N.  The court gave Petitioner the opportunity
to provide a sufficient motion by dismissing his Rule 3.850 motion
without prejudice and allowing him to file an amended motion
compliant with the court's directive.  Id.  Instead of heeding the
admonition of the circuit court, Petitioner filed another deficient
motion, once again alleging newly discovered evidence/ineffective
assistance of counsel, but failing to attach an affidavit or
provide an explanation why the affidavit could not be obtained.

Ex. O.   This time, the circuit court denied the motion with prejudice as facially insufficient because Petitioner failed to heed the court's directive to provide an affidavit or explanation why the required affidavit could not be obtained.   Ex. P.

Therefore, Petitioner must demonstrate cause and prejudice. First, Petitioner must demonstrate cause for his default.   This cause has to result from an objective factor external to the defense, and that factor had to prevent Petitioner from raising his constitutional claim which cannot be fairly attributable to his own conduct.   Johnson v. Ala., 256 F.3d at 1171; Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   In order for Petitioner to establish prejudice, he must show that the alleged errors actually and substantially disadvantaged his defense resulting in a denial of fundamental fairness.   Johnson v. Ala., 256 F.3d at 1171 (citation omitted).

Upon full consideration, the Court finds that Petitioner has not shown cause and prejudice.   His failure to comply with the circuit court's directive is fairly attributable to his own conduct.   Also, he has failed to show prejudice.   Petitioner accepted the plea bargain and admitted that he violated his probation "by viewing, accessing, owning or possessing any obscene, pornographic or sexually stimulating visual or auditory material on or about February 1st, 2013."[6]   Ex. I at 5.   He also wanted the

---

[6] On February 1, 2013, Petitioner had in his possession a cellular telephone with seventeen pictures of child pornography.

- 13 -

good deal, as he was facing a maximum sentence of thirty years in prison.  Id. at 12.  Additionally, he failed to show that failure to address this claim on its merits would result in a fundamental miscarriage of justice.  This is not an extraordinary case as Petitioner has not made a showing of actual innocence.

In conclusion, the Court finds that ground one is unexhausted and procedurally defaulted.  Also of import, the fundamental miscarriage of justice exception is inapplicable to the case at bar.  As a result, Petitioner is barred from pursuing ground one in federal court.

## B.  Ground Two

In his second ground, Petitioner claims newly discovered evidence.  Petition at 6.  Petitioner states that another individual has come forward as the perpetrator of the crime.  Id. This ground is unexhausted and procedurally defaulted.  His motions for post conviction relief were denied as insufficient on their

---

Ex. H, Complaint/Arrest Affidavit.  Per Petitioner, "Parent's employer knew of pictures on [Petitioner's] phone and called [the] probation office."  Reply at 5.  As noted by Respondents, Petitioner's possession of the cellular telephone containing these pornographic images was enough to constitute a violation of probation.  Response at 30.  Petitioner did not have to be the person who actually downloaded the images onto the cellular telephone or took the photographs; Petitioner's possession of the telephone with pornographic images could constitute a violation of the terms of probation.  Id.

face.[7]  Ex. N; Ex. P.  Since Petitioner did not properly exhaust this claim, he did not fairly present it to the state courts.

It should be noted that exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal of its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam).  Ground two is unexhausted and procedurally defaulted. Petitioner has not shown cause for his default.  "Because [the petitioner] has failed to establish one element of the cause and prejudice exception, he cannot show the exception applies.  Johnson v. Singletary, 938 F.2d 1166, 1175 (11th Cir. 1991)(citing Engle v. Isaac, 456 U.S. 107, 134 n. 43 (1982)), cert. denied, 506 U.S. 930 (1992).  Also, Petitioner has not met the actual innocence exception, referred to as the fundamental miscarriage of justice exception.  Since he has failed to make a colorable showing of actual innocence, Crawford v. Head, 311 F.3d 1288, 1327 (11th Cir. 2002) (citation omitted), cert. denied, 540 U.S. 956 (2003), the Court will apply the default to ground two.

Petitioner did not fairly present his federal constitutional claim to the state courts.  Instead, he came to this Court without a final state court ruling on the merits of his claim.  Petitioner has procedurally defaulted ground two.  Since Petitioner has failed to show cause and he has failed to make a colorable showing of

_____

[7] Of note, the circuit court found the third post conviction motion successive and did not reach its merits.  Ex. U.

actual innocence, the Court will not address the merits of ground two.

Petitioner alleges that someone else had access to his cellular telephone phone on February 1, 2013. Even though someone else may have handled or used Petitioner's cellular telephone or downloaded images onto the cellular telephone, Petitioner's possession of a telephone containing pornographic images was enough to constitute a violation of probation. Ex. H. This is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence. Thus, Petitioner is barred from pursuing this claim of newly discovered evidence in federal court.

Alternatively, to the extent Petitioner is claiming actual innocence as a free-standing claim, the Petition is due to be denied. In this Circuit, precedent forbids granting federal habeas relief for freestanding, non-capital claims of actual innocence. Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1010-11 (11th Cir.) (per curiam) (citing Herrera v. State, 506 U.S. 390, 400 (1993)), cert. denied, 133 S.Ct. 351 (2012). In Herrera, 506 U.S. at 400, the Supreme Court noted that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal conviction." The Supreme Court explained: "[t]his rule is grounded in the principle that federal habeas courts sit to ensure

that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact." <u>Id</u>. Finally, the Supreme Court warned: "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." <u>Id</u>. 401.

In this ground, Petitioner is attempting to place all blame for his probationary violation on a third party, claiming innocence and denying his commission of the violation. The Eleventh Circuit, however, has stated, "[f]or what it is worth, our precedent **forbids** granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases." <u>Jordan v. Sec'y, Dep't of Corr.</u>, 485 F.3d 1351, 1356 (11th Cir.) (citing <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1065 (11th Cir. 2002)) (emphasis added), <u>cert</u>. <u>denied</u>, 522 U.S. 979 (2007). It is significant that in <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1064-65 (11th Cir. 2002), the petitioner claimed newly discovered evidence: a key state's witness disavowed his testimony implicating the defendant. The Eleventh Circuit denied habeas relief in <u>Brownlee</u> finding:

> Finally, even if Goodgame's recantation were credible (and the trial court has squarely found that it was not), the Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Herrera v. Collins</u>, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on

evidence that has emerged since the trial. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." Id. Brownlee alleges no independent constitutional violation relating to Goodgame's recantation, and he is therefore entitled to no federal habeas relief on this claim.

Brownlee, 306 F.3d at 1065.

It is noteworthy that the case before the Court is not a capital case; therefore, this Court cannot grant habeas relief on a claim of actual innocence absent an independent constitutional violation occurring in the underlying state criminal proceeding. The claim of actual innocence based on newly discovered evidence raised in ground two does not state a ground for federal habeas relief. See In re: Davis, 565 F.3d 810, 817 (11th Cir. 2009) (per curiam) (discussing freestanding actual innocence claims); Graddy v. Crews, No. 5:13cv317-WS/GRJ, 2014 WL 5341834, at *3 (N.D. Fla. Oct. 20, 2014) (Not Reported in F.Supp.3d) ("a free-standing claim of actual innocense [sic] is not recognized as a valid claim for habeas relief"). No federal habeas relief is available for freestanding, non-capital claims of actual innocence. Murrah v. McDonough, 256 F. App'x 323, 325 (11th Cir. 2007) (per curiam) (a certificate of appealability was granted on the issue of the trustworthiness and effect of the alleged videotaped witness recantation; however, the Eleventh Circuit found that "Murrah's

freestanding actual innocence claim is not cognizable under federal habeas law.").

Petitioner does not allege the implication of an independent constitutional violation. His claim of actual innocence, a freestanding claim, is not cognizable in this non-capital, federal habeas proceeding. Thus, based on Circuit precedent, Petitioner is not entitled to habeas relief on his freestanding claim of actual innocence. Ground two is due to be denied.

### C.  Ground Three

In his third ground, Petitioner raises a claim asserting that the state and the public defender induced him to plead guilty, knowing Petitioner was not guilty. Petition at 8. He alleges that he was induced to plead guilty without any evidence, analysis, or depositions of the true perpetrator. Id. Respondents contend that ground three is unexhausted and procedurally defaulted. Response at 31-33.

Petitioner did not raise an involuntary plea claim in the state circuit court. Ex. M; Ex. O; Ex. Q; Ex. R; Ex. T. He did attempt to raise a claim concerning counsel's failure to investigate and verify Petitioner's innocence in a Rule 3.850 motion, Ex. T, but the circuit court denied the post conviction motion as successive. Ex. U. As such, the state court declined to hear the claim because the prisoner failed to abide by a state procedural rule.

Upon review, Petitioner failed to exhaust an involuntary plea claim. Petitioner's third ground is procedurally barred. Although he attempted to raise a claim that his counsel failed to investigate and verify Petitioner's innocence, the record shows that the circuit court did not address this claim on its merits because Petitioner raised the claim in a successive post conviction motion. The court denied the motion with prejudice as successive. Therefore, ground three is unexhausted and procedurally defaulted. Petitioner has failed to show cause and prejudice, and he has failed to show that a fundamental miscarriage of justice will result if the Court fails to address the merits of this claim.

Accordingly, it is now

**ORDERED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[8] Because this Court

---

[8] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S.

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

   **DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June, 2017.

_____

BRIAN J. DAVIS
United States District Judge

sa 5/30
c:
Denis Andre Parent
Counsel of Record

---

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.